# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

CINDY MITCHELL                                                                                   PLAINTIFF

v.                                             CIVIL ACTION NO. 5:18-CV-P158-TBR

MCCRACKEN COUNTY JAIL                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Cindy Mitchell leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but allow her the opportunity to amend her complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated as a convicted prisoner at the McCracken County Jail (MCJ). She brings this action against the "nurses" of the "MCJ medical staff" in their official capacities.[1]

In the complaint, Plaintiff writes as follows:

> 1. I've had 6 med call sheets to just disappear and be thrown in trash. 2. I've had nurses to bring the wrong meds on different occasions. 3. I was told I had a yeast infection when I had a urinary tract infection. 4. I've complained about my right toe and how I could possibly lose it on numerous occasions and they could care less. 5. I've had chest pains on several occasions and was told that its just stress related to being in jail. I've asked to be on blood pressure checks and that has never occurred. 6. I've laid in here for a week with pneumonia in my lungs and chest and have not been given any med care.

As relief, Plaintiff seeks compensatory damages and to "investigate the medical staff thoroughly."

---

[1] Plaintiff names the MCJ as the Defendant in the caption of the complaint form but specifies that she is suing the "nurses" of the "MCJ medical staff" in the parties section of the form.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

The Court construes the complaint as bringing official-capacity claims against the Defendant nurses under the Eighth Amendment for deliberate indifference to Plaintiff's serious medical needs. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55

(1978)). Thus, Plaintiff's official-capacity claims against the nurses are actually against the nurses' employer. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). It is unclear from the complaint whether the Defendant nurses are employees of the MCJ or a privately-contracted medical provider. However, the Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *Braswell v. Corr. Corp. of Am.,* 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.

4

1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of her constitutional rights was the result of a custom or policy implemented or endorsed by either the MCJ or a private entity contracted to provide medical services to MCJ inmates.  As such, the Court will dismiss Plaintiff's official-capacity claims against the nurses for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Although Plaintiff does not sue the Defendant nurses in their individual capacities, based upon the allegations contained in the complaint, the Court will allow Plaintiff the opportunity to amend her complaint to do so.  *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").  In the amended complaint, Plaintiff should identify the individual nurses who were allegedly deliberately indifferent to her serious medical needs, name them as Defendants in this action, and sue them in their individual capacities.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED that Plaintiff's official-capacity claims are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

**IT IS FURTHER ORDERED** that within <u>30 days</u> from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which she names as Defendants any nurses at the MCJ who allegedly violated her rights; identifies each nurse by name; specifies that she is suing these nurses in their individual capacities; and describes how each Defendant nurse violated her constitutional rights by including details such as which Defendant nurse purportedly did what and when.  Plaintiff should submit a completed summons form for each newly named Defendant within the same 30-day period.[2]

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A.  Should Plaintiff fail to file an amended complaint within the allotted amount of time, the Court will enter an Order dismissing this action for the reasons stated herein.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with four blank summons forms.

Date: December 15, 2018

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
     Defendant McCracken County Jail
     McCracken County Attorney
4413.011

---

[2] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for <u>each</u> Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.